1
2
3
4                        UNITED STATES DISTRICT COURT

5                      NORTHERN DISTRICT OF CALIFORNIA

6

7   THE BOARD OF TRUSTEES, IN THEIR            Case No.  14-cv-04159-JD
    CAPACITIES AS TRUSTEES OF THE
8   LABORERS HEALTH AND WELFARE
    TRUST FUND FOR NOTHERN
    CALIFORNIA, et al.,                        **ORDER GRANTING MOTION FOR
9                                              DEFAULT JUDGMENT**
                    Plaintiffs,
10                                             Re: Dkt. No. 17

11            v.

12  CONTRACTORS CHEMICAL, INC.,

13                  Defendant.

14

15          The Board of Trustees ("Board") for several employee benefit plans has moved for

16  default judgment against defendant Contractors Chemical, Inc.  The Court grants the motion.

17  **I.      BACKGROUND**

18          Plaintiffs are the Board of Trustees for the following trust funds: the Laborers Health and

19  Welfare Trust Fund for Northern California; the Laborers Vacation-Holiday Trust Fund for

20  Northern California; the Laborers Pension Trust Fund for Northern California; and the Laborers

21  Training and Retraining Trust Fund for Northern California.  Dkt. No. 1 ¶ II.  According to the

22  complaint, defendant Contractors Chemical "was signatory and bound to a written collective

23  bargaining agreement with the Northern California District Council of Laborers (hereinafter

24  'Union'), a labor organization within the meaning of section 301 of the Labor Management

25  Relations Act (29 U.S.C. § 185)."  Dkt. No. 1 ¶ IV.  The Board alleges that Contractors Chemical

26  became subject to the terms of a Master Agreement after signing a Memorandum of Agreement

27  with the Union.  *Id.*  The Master Agreement required Contractors Chemical to timely contribute

28  certain amounts of money to the trust funds, based on hours worked by its employees.  *Id.*  The

United States District Court
Northern District of California

Master Agreement also provides "for the payment of interest on all delinquent contributions, attorneys' fees, and other collection costs, and for the audit of the signatory employer or employers' books and records in order to permit the Plaintiffs to ascertain whether all fringe benefit contributions have been timely paid." *Id.* ¶ V.

The Board initially filed suit on September 15, 2014. *See* Dkt. No. 1. The Board alleges that Contractors Chemical violated ERISA § 515 (29 U.S.C. § 1145) by failing to pay contributions and permit an audit pursuant to the Master Agreement. Dkt. No. 17 at 11. According to the Board, Contractors Chemical has not made timely fringe benefit contributions for the periods November 2013, January 2014, and June to July 2014. *Id.* at 7. It further alleges that "there also are liquidated damages and interest due and owing for the months of January 2010 through March 2012, October 2013, December 2013, as well as February through April 2014 for contributions paid but paid late." *Id.* at 8. Contractors Chemical failed to respond to this lawsuit, and the clerk of the court entered default against it on December 4, 2014. *See* Dkt. No. 15. The Board filed this motion for default judgment on June 24, 2015. Contractors Chemical has not responded or appeared in any way.

## II.     DISCUSSION

### A.     Jurisdiction

In default judgment proceedings, the Court is obliged to first consider whether jurisdiction is proper. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (holding that in a default judgment proceeding, "a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties"). The Court has subject matter jurisdiction under 29 U.S.C. § 1132, which authorizes ERISA plan fiduciaries to bring civil actions to enforce plan terms. The Court also has personal jurisdiction over Contractors Chemical because it is a California corporation engaged in business activities in California, and because "plan contributions are due and payable in the County of San Francisco." Dkt. No. 17 at 10. Defendant was properly served because it was served with a copy of the summons and complaint via substituted service on October 2, 2014, a copy was mailed to it on October 3, 2014, and service was deemed complete ten days after mailing on October 13, 2014, pursuant to California Code of Civil Procedure § 415.20(a) and Rule

4(e)(1) of the Federal Rules of Civil Procedure.  *Id.*

### B.    Default Judgment

Under Rule 55(b)(2) of the Federal Rules of Civil Procedure, a party may apply to the Court for entry of judgment by default. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Court may consider the following factors in deciding whether to grant a motion for default judgment:

> (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### 1.    The Merits of the Claim and the Sufficiency of the Complaint

The second and third *Eitel* factors -- the merits of the claim and the sufficiency of the complaint -- are generally considered together because after the entry of default, well-pleaded factual allegations in the complaint are taken as true, except as to the amount of damages.  *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

The Board's complaint alleges that Contractors Chemical violated ERISA § 515 (29 U.S.C. § 1145) by failing to pay contributions and permit an audit pursuant to the terms of the Master Agreement.  Consequently, the allegations in plaintiff's complaint, taken as true, make out a claim under ERISA.  *See* 29 U.S.C. § 1145 (providing that "every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such plan or such agreement"); *id.* § 1132(a)(3) (authorizing, *inter alia*, a fiduciary to bring a civil action to enforce an employer's § 1145 obligation).

### 2.    The Remaining *Eitel* Factors

The remaining factors, on balance, also weigh in favor of granting default judgment.  The Board will be prejudiced if default judgment is not granted because it will likely be left without a

United States District Court
Northern District of California

3

United States District Court
Northern District of California

remedy.  The sum of the money at stake (plaintiff seeks $41,837.54 in unpaid contributions, liquidated damages, interest, and attorneys' fees and costs) is relatively small and weighs in favor of granting default judgment.  Because defendant has not appeared, there is no indication that its default is due to excusable neglect, that the material facts are subject to dispute, or that a decision on the merits will be possible.  Consequently, default judgment is warranted.

### C.     Plaintiff's Requested Relief

#### 1.   Unpaid Contributions, Interest, and Liquidated Damages

29 U.S.C. § 1132(g)(2) mandates that when an employee benefit plan obtains judgment in its favor, the court shall award the plan (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of the interest on the unpaid contributions, or liquidated damages as specified in the plan (generally not to exceed 20 percent of the unpaid contributions), (D) reasonable attorneys' fees and costs, and (E) other legal or equitable relief that the court deems appropriate.  *See* 29 U.S.C. § 1132(g)(2).  "To be entitled to a mandatory award under § 1132(g)(2), the following three requirements must be satisfied: (1) the employer must be delinquent at the time the action is filed; (2) the district court must enter a judgment against the employer; and (3) the plan must provide for such an award."  *Nw. Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996).

The Board is entitled to a mandatory award under § 1132(g)(2) for the unpaid contributions from November 2013, January 2014, June 2014, and July 2014.  This is so because Contractors Chemical was delinquent at the time the action was filed, the Court will enter a judgment against Contractors Chemical, and the plan provides for such an award.  *See* Dkt. No. 1 ¶ V.  The Board has requested $11,520.80 in delinquent and unpaid contributions.  *See* Dkt. No. 17 at 9.  The contribution amounts for November 2013 and January 2014 were self-reported by Contractors Chemical, while the amounts for June and July 2014 were calculated by averaging the contributions from October 2013 to March 2014 because the actual amounts are unknown. Declaration of Jennifer Peters ¶ 14-15, Dkt. No. 19.  The unpaid contribution amounts have been adequately supported by proof, and the Court concludes that plaintiff is entitled to $11,520.80 in unpaid contributions.  *See* Dkt. No. 19-11.

4

For interest and liquidated damages under § 1132, the Board is entitled to "interest on the unpaid contributions" *and* "an amount equal to the greater of— interest on the unpaid contributions, or liquidated damages provided for under the plan in an amount not in excess of 20 percent" of $11,520.80. *See* 29 U.S.C. § 1132. Although it appears that the Board may be entitled to "double interest" of $3,872.84, since the amount of interest on the unpaid contributions exceeds the amount of liquidated damages, it only requested interest and liquidated damages in the amount of $2,536.42 for the unpaid contributions. Consequently, the Court grants plaintiff's request for $2,536.42 in interest and liquidated damages for the unpaid contributions.

### 2.   Interest and Liquidated Damages for Contributions Paid, but Paid Late

The Board has requested an additional $16,618.16 in interest and liquidated damages for contributions paid, but paid late. 29 U.S.C. § 1132(g)(2) does not apply to this request, because it is not for contributions that were unpaid at the time of this suit. *Idaho Plumbers & Pipefitters Health and Welfare Fund v. United Mechanical Contractors, Inc.*, 875 F.2d 212, 215-17 (9th. Cir. 1989) ("Because no contributions were 'unpaid' at the time of this suit, § 1132(g)(2) does not apply."); *Board of Trustees of Labor Health & Welfare Trust Fund for N. Cal. v. Shade Const. & Eng'g*, No. C 06-6830 PJH, 2007 WL 3071003, at *7 (N.D. Cal. Oct. 19, 2007) ("Plaintiffs are not entitled to a statutory award of interest or liquidated damages because remedies under 29 U.S.C. § 1132(g)(2) only apply to unpaid contributions.").

In determining whether a liquidated damages clause is enforceable, the court must analyze if 1) "the harm caused by a breach [is] very difficult or impossible to estimate" and 2) "the amount fixed [is] a reasonable forecast of just compensation for the harm caused." *Idaho Plumbers*, 875 F.2d at 217.

The contractual terms state that "liquidated damages are assessed at a flat fee of $150 per month, along with simple interest of 1.5% per month on all unpaid contributions." Peters Decl. ¶ 12**.** The liquidated damages amount is proper because the harm caused by the breach is difficult to estimate, and the liquidated damages amount is a reasonable forecast of just compensation. *See id.* Consequently, the Board is entitled to $16,618.16 in interest and liquidated damages for contributions paid, but paid late.

United States District Court
Northern District of California

### 3. Injunctive Relief

The Board has requested an injunction ordering Contractors Chemical to submit to an audit of its records for the period January 1, 2011, through the last completed quarter.  The Board has also requested that the Court retain jurisdiction "in order to ensure payment of any further delinquent amounts discovered" during the audit.  The Court grants these requests because the Contractors Chemical is contractually bound to allow the Board to conduct an audit of its records. *See* Peters Decl. ¶ 11; *see also Santa Monica Culinary Welfare Fund v. Miramar Hotel Corp.*, 920 F.2d 1491, 1494 (9th Cir. 1990) (holding that a court can compel audit when the trust agreement terms allow for it).  The Court will also retain jurisdiction to ensure payment of any further amounts discovered to be owing during the audit.  *See Board of Trustees of the Laborers Health and Welfare Trust Fund for Northern California v. Montes Bros. Const., Inc.*, No. C-14-1324 EMC, 2014 WL 5768580, at *5-6 (N.D. Cal. Nov. 5, 2014).

The injunction is granted as follows, based on the terms of the relevant trust agreements:

> Upon receipt of a written request from the plaintiff, defendant Contractors Chemical must permit an auditor designated by the plaintiff to enter upon the premises of Contractors Chemical during business hours, at a reasonable time or times, not less than 2 working days after the request was made, to examine and copy books, records or reports of Contractors Chemical necessary to determine whether Contractors Chemical is making full and prompt payment of all sums required to be paid by it to the Health and Welfare Trust Fund for Northern California, the Pension Trust Fund for Northern California, the Vacation-Holiday Trust Fund, and the Laborers Training and Retraining Trust Fund.

### 4. Attorneys' Fees and Costs

The Board has requested $10,490 in attorneys' fees and $672.16 in costs.  Of the stated amounts, $9,110 of the attorneys' fees and $672.16 of the fees are supported by documentation. See Dkt. No. 18-1.  Consequently, the Court will grant plaintiff's request for $9,110 in attorneys' fees and $672.16 in costs.

## III. CONCLUSION

For the foregoing reasons, the Court grants plaintiff's motion for default judgment. Judgment will be entered in favor of the Board against Contractors Chemical in the amount of $11,520.80 for unpaid contributions, $19,154.58 for interest and liquidated damages, and

United States District Court
Northern District of California

$9,782.16 for attorneys' fees and costs.  Plaintiff is responsible for serving this injunction on

Contractors Chemical.

**IT IS SO ORDERED.**

Dated: August 6, 2015

_____

JAMES DONATO
United States District Judge